IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICO SANDERS,

                Plaintiff,                OPINION AND ORDER

v.

                                            22-cv-525-wmc

TONY EVERS, KEVIN CARR, and
JANE/JOHN DOE, Acting Parole Chairperson,

                Defendants.

Plaintiff Rico Sanders is unrepresented and serving an aggregated 140-year sentence in state prison for five sexual assaults and an armed robbery he committed between May and September 1995, when he was 15 years old.[1] *See State v. Sanders*, Case No. 95-CF-954600 (Milw. Cnty. Ct. Oct. 20, 1995). He is proceeding under 42 U.S.C. § 1983 on claims that Wisconsin sentencing and parole eligibility statutes, Wis. Stat. §§ 973.013 and 304.06, deprive him of a meaningful opportunity to obtain release in his expected lifetime in violation of the Eighth Amendment and Article I, Section 6 of the Wisconsin State Constitution. (Dkt. #8.) More specifically, plaintiff relies on the Supreme Court's holding in *Graham v. Florida*, 560 U.S. 48 (2010), that sentencing a juvenile offender to life without parole for a non-homicide offense violates the Eighth Amendment, unless the state provides "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id*. at 75, 82.

---

[1] Specifically, plaintiff was accused of forcibly entering his victims' homes while they slept, suffocating and raping them, then robbing them, for which he was charged as an adult and entered an entered an *Alford* plea in lieu of going to trial. *Sanders v. Eckstein*, 981 F.3d 637, 639 (7th Cir. 2020).

Before the court is defendants' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the doctrine of issue preclusion (also called "collateral estoppel"), or alternatively, fail on the merits. (Dkt. #11.) While it appears that plaintiff's claims may run afoul of *Heck*, the court concludes that the doctrine of issue preclusion bars plaintiff's claims. Accordingly, the court will grant defendants' motion and dismiss this case with prejudice.

## BACKGROUND

### A. Current Allegations[2]

Under the parole system applicable to his sentence under Wis. Stat. § 304.06(1)(b) (1993-94), plaintiff will be eligible for parole after serving 25% (or 35 years) of his sentence, at which time he will be 51 years old. Because plaintiff asserts that his life expectancy is only 50.6 years, he alleges that: (1) his sentence is the functional equivalent of a life sentence without parole; and (2) Wisconsin state law fails to provide him with a meaningful and realistic opportunity for parole as mandated by *Graham*. Plaintiff filed suit in this court on September 13, 2022, against three defendants, all in their official capacities: Governor Tony Evers, Department of Corrections Secretary Kevin Carr, and the Parole Commission Chairperson, whom defendants have since identified as Jon Erpenbach. (*See* dkt. #10). As relief, plaintiff seeks a declaration that two Wisconsin

---

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all factual allegations in the complaint not only as true but viewed in a light most favorable to plaintiff, including drawing all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

statutes addressing sentencing and parole eligibility, Wis. Stat. §§ 304.06 and 973.013,[3] are unconstitutional as applied to him, as well as an injunction requiring the Parole Commission to afford him an immediate meaningful and realistic opportunity for parole.

### B. Prior Challenges to Sentence[4]

In 2011, following an unsuccessful, direct appeal and motion for postconviction relief, *State v. Sanders*, 2008 WI App 160, ¶ 1, 314 Wis. 2d 507, 758 N.W.2d 224, plaintiff filed a petition for habeas corpus in the United States District Court for the Eastern District of Wisconsin. In *Sanders v. Eckstein*, 981 F.3d 637 (7th Cir. 2020), plaintiff raised several claims, one of which was that "his sentence did not conform with the Supreme Court's holding in *Graham*." *Id*. at 640. While the district court stayed the case so plaintiff could exhaust that same claim in state court, it ultimately denied plaintiff relief, concluding that the Wisconsin Court of Appeals did not unreasonably apply *Graham* given that plaintiff's eligibility for parole would begin at age 51, providing him with a meaningful opportunity to obtain release assuming his then life expectance was age 63. *Id*. While plaintiff presented an American Civil Liberties Union analysis calculating the actual, average life expectancy for a juvenile sentenced to life in prison is 50.6 years, the district

---

[3] This latter statute, § 973.013, governs "indeterminate sentences," although it is unclear from public court records available online whether plaintiff received an indeterminate sentence, nor does plaintiff otherwise explain why this statute is relevant to his claims.

[4] The court may take judicial notice of matters of public record, including the state court docket, decisions, and records filed in plaintiff's underlying criminal case. *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023).

court declined to consider those statistics because plaintiff never presented them to the state courts. *Id*.

In 2020, the Court of Appeals for the Seventh Circuit affirmed the district court's judgment denying plaintiff's habeas petition, agreeing that the state courts had reasonably applied *Graham and* plaintiff had waived his argument that his average life expectancy was 50.6, not 63 years. *Id*. at 642-43. The Seventh Circuit went on to note that "[n]o doubt the law will continue to evolve in this area," with future cases "likely test[ing] what it means for a person to have a meaningful opportunity for release under the teachings of *Graham*"; and specifically, that plaintiff will himself have opportunities to challenge any future denials of parole in state court by raising claims based on *Graham* or other, relevant Supreme Court precedent "enter[ed] in the intervening years." *Id*. at 643-44.

On December 13, 2021, plaintiff filed a second postconviction motion in state court, again seeking resentencing because his current sentence fails to comply with *Graham*. (Dkt. #12-2, filed in *Sanders*, Case No. 95-CF-954600.) In that motion, plaintiff contended that he had new information showing his average life expectancy is actually 50.6 years, which is before he first becomes eligible for parole at age 51. However, the state court denied this postconviction motion on May 23, 2022, characterizing it as "a rehash of his prior motion, except that he now includes a two-page attachment, which he believes establishes that his life expectancy is 50.6 years." (Dkt. #12-2 at 2.) In particular, the state court determined that document did not constitute "newly discovered evidence" and failed to overcome the procedural bar requiring that all grounds for postconviction relief be included in plaintiff's original motion or appeal. *Id*. at 3-4. Finally, the court concluded

4

that plaintiff's Eighth Amendment claim failed on the merits as well. *Id*. The Wisconsin Court of Appeals recently affirmed that decision. *See State v. Sanders*, Case No. 2022AP001038 (WI Ct. App. Jan 9, 2024).)

OPINION

I. *Heck* Bar

In *Heck,* the Supreme Court held that a plaintiff alleging that his conviction or sentence was unconstitutional does not state a claim under § 1983 *unless* the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. at 486-87; *see also Courtney v. Butler*, 66 F.4th 1043, 1049 (7th Cir. 2023) (citing same). Moreover, this rule applies regardless of whether a plaintiff seeks damages or injunctive relief, *Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023), and is "rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2157 (2019). As a result, if a judgment in favor of plaintiff in this case would "necessarily imply the invalidity of his conviction or sentence," then his claims must be dismissed unless plaintiff can demonstrate that his conviction or sentence has *already* been invalidated. *Heck*, 512 U.S. at 487.

As discussed above, public records confirm that plaintiff's underlying conviction and sentence have not been invalidated or set aside by an authorized state tribunal or in a

5

federal habeas corpus proceeding under 28 U.S.C. § 2254. To the contrary, plaintiff already attempted to challenge his sentence and ineligibility for parole through direct appeal *and* postconviction motions in the state courts, as well as by habeas petition in our sister, federal court, and the Seventh Circuit. At each step, plaintiff raised the very issue he now does in this lawsuit, all to no avail. *See Savory v. Cannon*, 947 F.3d 409, 426 (7th Cir. 2020) ("A plaintiff's good-faith but unsuccessful pursuit of collateral relief does not relieve him of *Heck*'s favorable termination requirement.").

Nevertheless, plaintiff argues that *Heck* does not bar his § 1983 claim because he is challenging the constitutionality of state sentencing and parole eligibility statutes, not seeking a direct reduction in his sentence or immediate release. In support of this argument, plaintiff points to *Wilkinson v. Dotson*, 544 U.S. 74 (2005), in which the Supreme Court allowed plaintiffs to bring suit under § 1983 to enjoin procedurally flawed rules governing their parole eligibility and suitability. *Id*. at 81-82. If successful, the plaintiffs in *Wilkinson* would not have received damages, but only further consideration of their parole applications, which *could,* but not necessarily would, result in a favorable outcome. *Id.* at 82; *see also Barker v. Reagle*, No. 22-2572, 2023 WL 2931290, at *2 (7th Cir. Apr. 13, 2023) ("*Wilkinson* allows prisoners to use § 1983 to seek purely prospective relief in challenging parole-release procedures if victory would mean only a new parole-eligibility review or parole-release hearing, not necessarily a finding that current incarceration is wrongful."); *Strong v. Wisconsin Dep't of Corr.,* No. 17-cv-967, 2017 WL 11528740, at *2 (E.D. Wis. Aug. 22, 2017) ("A plaintiff may bring an action pursuant to § 1983 if he seeks a change in parole procedures under which his case would be heard.").

The court is not convinced that *Wilkinson* applies here, as plaintiff is not challenging a parole procedure, but rather the entire sentencing process conducted after his conviction. As such, should plaintiff succeed on his claim that the state sentencing and parole eligibility statutes are unconstitutional, the likely implications would seem to be that the duration of his sentence is invalid on its face. However, the court need not rule on this question definitively since even if the reasoning in *Wilkinson* ad its progeny somehow saves plaintiff's claim from being barred under *Heck*, plaintiff's *Graham* challenge is still precluded by the federal and state court decisions that previously addressed the same issues.

## II. Issue Preclusion

The doctrine of issue preclusion requires federal courts to give preclusive effect to decisions previously rendered by federal *and* state courts. *See Savory*, 947 F.3d at 418 (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)) ("The usual rules of preclusion apply in section 1983 actions."). Moreover, courts look to state law for the preclusive effect of an earlier state judgment denying postconviction relief and to federal law for the preclusive effect of an earlier federal habeas ruling. *Id.*; *Daza v. State*, 2 F.4th 681, 683 (7th Cir. 2021). Under Wisconsin law, issue preclusion applies when: (1) the question of law or fact that is sought to be precluded was actually litigated and determined by a valid and final judgment; (2) the determination of fact or law was essential to the judgment; and (3) it is "fundamentally fair" to apply issue preclusion under the circumstances of the case at hand. *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 773 (7th Cir. 2013) (quoting *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 497 N.W.2d 756, 762 (Ct. App. 1993)). Similarly, issue preclusion applies under federal law when: (1) the issue sought

7

to be precluded is the same as that involved in the prior federal litigation; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Oneida Nation v. Vill. of Hobart*, 968 F.3d 664, 686 (7th Cir. 2020) (citations omitted). While it appears that plaintiff was unrepresented in the proceedings challenging his conviction and sentence, full representation for purposes of issue preclusion does not require that the party against whom the doctrine was used had an attorney. *See id.* (discussing whether party's *interests* were represented); *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013) ("[T]he idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine . . . is absurd."). Rather, issue preclusion generally requires only that the litigant had a "full and fair opportunity" to litigate the issue in the earlier case. *Allen*, 449 U.S. at 95 (citation omitted).

In his federal habeas action, plaintiff unsuccessfully argued -- as he does again here -- that Wisconsin's parole eligibility statute, as applied to his aggregate 140-year sentence, runs afoul of *Graham* because it does not provide him a meaningful opportunity for release within his expected lifespan. *See Sanders*, 981 F.3d at 639, 643. The Seventh Circuit rejected that very claim, concluding both that: (1) plaintiff's eligibility for parole at age 51 provided him a meaningful opportunity to obtain release before his expected end of life at age 63; and (2) plaintiff had waived his argument that his actual life expectancy was 50.6 years by not presenting it in the state courts. *Id*. at 643. In a subsequent state postconviction motion, plaintiff *again* raised his *Graham* claim, this time including evidence that allegedly established his average life expectancy was 50.6 years. In its ruling, the state

8

court not only denied plaintiff's motion as procedurally barred, but also held that plaintiff's *Graham* challenge failed on the merits.

Because plaintiff had a full and fair opportunity to raise and actually litigate the *Graham* issue now before this court, which was *essential* to the judgment in both his earlier federal habeas and state postconviction actions, the court concludes it is fundamentally fair to apply issue preclusion to bar relitigation in this case. Accordingly, plaintiff's § 1983 claims will be dismissed with prejudice.

ORDER

IT IS ORDERED that defendants' motion to dismiss plaintiff's claims as barred by the doctrine of issue preclusion (dkt. #11) is GRANTED and this lawsuit is DISMISSED with prejudice. The clerk's office is directed to enter judgment in favor of defendants and close this case.

Entered this 4th day of April, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge